UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUAN CARLOS MENDEZ | § | |
| | § | CIVIL ACTION NO. 7:16-CV-640 |
| VS. | § | |
| | § | CRIM. ACTION NO. 7:15-CR-1367-1 |
| UNITED STATES OF AMERICA | § | |

## REPORT AND RECOMMENDATION

Petitioner Juan Carlos Mendez, a federal prisoner proceeding pro se, filed this action seeking habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) Petitioner challenges the Bureau of Prisons' (BOP's) refusal to give him full credit for time he spent in custody as a result of a detainer placed by the state of Minnesota. (*Id.* at 2.) At the time Petitioner filed his § 2241 petition, he was, and still is, incarcerated at Beaumont Medium FCI, which is located within the Eastern District of Texas. For the reasons explained below, because jurisdiction in the Southern District of Texas is improper, the undersigned recommends that this action be transferred to the Beaumont Division of the Eastern District of Texas.

## I. BACKGROUND

### A. The Underlying Criminal Charge and Proceedings[1]

On September 7, 2015, Border Patrol agents responded to a traffic stop that was initiated by the Hidalgo Police Department. Petitioner was discovered driving a Ford Explorer that was loaded with "12 subjects, crammed inside the vehicle lying down on top of each other."[2] (Cr. Docket No. 51, ¶ 6.) The subjects were later determined to be undocumented aliens who

---

[1] The facts in this section are drawn principally from Petitioner's Presentence Investigation Report (PSR). (Cr. Docket No. 51.)
[2] Petitioner's co-defendant in the underlying criminal case was his wife. Petitioner recruited his wife to assist him in transporting illegal aliens. His wife was also arrested after she was found driving a separate vehicle that contained four additional illegal aliens.

illegally entered the United States from Mexico. Upon questioning, Petitioner stated that he agreed to transport five illegal aliens and that he was to be paid $100/person he transported.

On September 29, 2015, a five-count indictment was filed in the Southern District of Texas, McAllen Division, charging Petitioner with conspiracy to transport undocumented aliens within the United States, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii), and 1324(a)(1)(B)(i) (Count 1), and transporting undocumented aliens within the United States for financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i) (Counts 2-5). Petitioner later pleaded guilty to Count 1 of the indictment pursuant to a plea agreement. (Cr. Docket No. 42.) After accepting Petitioner's guilty plea, the District Court ordered the Probation Office to prepare a Presentence Investigation Report (PSR).

The PSR calculated Petitioner's total offense level at 16, which included an enhancement based on his conduct in "intentionally or recklessly creating a substantial risk of death or serious bodily injury" to the aliens he was transporting. (Cr. Docket No. 51, ¶ 29.) The PSR calculated his criminal history at level VI,[3] which resulted in a Guidelines imprisonment range of 46 to 57 months. The PSR noted that Petitioner had been in custody for about 158 days, but it made no recommendation regarding credit for time in custody. There is no discussion of a state detainer.

At the sentencing hearing, the District Court confirmed that Petitioner had reviewed the PSR and discussed it with his attorney. (Cr. Docket No. 71, Sentencing Tr. 5.) Petitioner was given an opportunity to address the Court, and he apologized for his actions. (*Id.* at 9-10.) Petitioner's attorney objected to the calculation of Petitioner's criminal history score, requested a downward departure for "fast track," and asked that the Court sentence "him to the low end of the guidelines." (*Id.* at 7-8.) The Court granted the objections in part, thereby lowering

---

[3] Petitioner had extensive criminal history, including felony convictions for assault, domestic violence, and drug trafficking. (Cr. Docket No. 51, ¶¶ 64-83.)

2

Petitioner's Sentencing Guidelines range to 27 to 33 months. (*Id.* at 18-19.) Based on Petitioner's "ongoing, continuous, repetitive criminal history," the Court sentenced Petitioner to 33 months imprisonment, which was the highest sentence in the applicable guidelines range. (*Id.* at 23.) During the sentencing hearing, there was no mention of a state court detainer and no discussion regarding what credit Petitioner would be given, if any, for time in custody.

Petitioner subsequently filed the pending § 2241 action.

**B.     Petitioner's § 2241 Claim**

In his § 2241 petition, Petitioner challenges the execution of his sentence because he "has been informed by his [Bureau of Prisons] B.O.P. counselor that some of his custody credit were not being credited to his Federal sentence." (Docket No. 1, at 2.) Petition asserts that the BOP is refusing to give him full credit for time he spent in custody because the state of Minnesota placed a detainer on him. (*Id.*) He also alleges that "during allocution" the District Court found that Petitioner should "receive full federal custody credit for time already being served." (*Id.* at 1.) Petitioner does not allege that the District Court erred at sentencing, nor does he challenge the validity of his federal sentence.

## II. ANALYSIS

Before analyzing Petitioner's claim, the Court must first determine whether it has jurisdiction to address Petitioner's § 2241 petition and the authority to grant the relief he seeks. *See Fain v. Duff*, 488 F.2d 218, 221 (5th Cir. 1973) (in all cases in federal court, "the first question to which we must address ourselves is that of jurisdiction provided by a statute"); *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (the district court must have jurisdiction to consider the merits) (citing *Solsona v. Warden*, 821 F.2d 1129, 1132 n.2 (5th Cir. 1987) ("[W]e raise *sua sponte* the question of the district court's jurisdiction")). A habeas petition under § 2241 is the

proper vehicle for a prisoner to challenge the execution of his sentence, whereas a motion pursuant to § 2255 is used to challenge errors that occurred at or before sentencing. *See, e.g., Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (stating that § 2255 is the primary means of collaterally attacking a federal sentence, while § 2241 is used to attack the manner in which a sentence is executed); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (stating that § 2255 is the appropriate remedy for errors that occurred at or prior to the sentencing).

As noted, Petitioner does not allege that the District Court erred at sentencing, nor does he challenge the validity of his federal sentence. Petitioner's sole claim is a request that the BOP grant him full credit for time spent in federal custody during the pendency of his underlying criminal proceedings. Such a claim is an attack on the execution of his sentence, which is an appropriate claim in a § 2241 action. *See Leal v. Tombone*, 341 F.3d 427, 428-29 (5th Cir. 2003) (Section 2241 is the appropriate vehicle to attack the BOP's decision regarding crediting a federal sentence with time spent in state custody.). So far, so good.

In addition, it is well established that § 2241 claims must be filed in the district where the prisoner is being confined. *Lee v. Wetzel*, 244 F.3d 370, 373 (2001) ("we have firmly stated that the district of incarceration is the only district which has jurisdiction to entertain a defendant's § 2241 petition"); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (same). Furthermore, "jurisdiction over [a] habeas corpus petition attache[s] at the time of filing." *Id.* at 375 n.5 (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[J]urisdictional facts must be judged as of the time the complaint is filed[.]") and *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985) ("It is well established that jurisdiction attaches on the initial filing for habeas corpus relief.")).

4

Petitioner was convicted and sentenced in the McAllen Division of the Southern District of Texas. However, at the time Petitioner filed this action, he was incarcerated at the Beaumont Medium FCI federal prison in Beaumont, Texas, which is located within the Beaumont Division of the Eastern District of Texas. 28 U.S.C. § 124(c)(2). As such, jurisdiction is only proper in the Beaumont Division of the Eastern District of Texas, and Petitioner's § 2241 action should be transferred there. *Lee*, 244 F.3d at 373 ("we have firmly stated that the district of incarceration is the only district which has jurisdiction to entertain a defendant's § 2241 petition"); *see* 28 U.S.C. § 1631.[4]

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) be transferred to the Beaumont Division of

---

[4] Section 1631 provides, in relevant part:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

28 U.S.C. § 1631. As the Fifth Circuit has recognized, it is not in the interest of justice to transfer a meritless claim that will consume judicial time and resources. *Chandler v. Commander, Army Fin. & Accounting Ctr.*, 863 F.2d 13, 15 (5th Cir.1989); *see also Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir.2000) ("a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed") (citation omitted); *Wigglesworth v. I.N.S.*, 319 F.3d 951, 959 (7th Cir.2003) (same). Here, although it appears unlikely that Petitioner's claim has merit, he arguably should be given the opportunity to present his claim more fully before it is decided.

the Eastern District of Texas. It is further recommended that Petitioner be denied a certificate of appealability as unnecessary.[5]

**NOTICE TO THE PARTIES**

The Clerk shall send copies of this Report and Recommendation to Petitioner and counsel for the Government, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b). Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on August 23, 2017.

_____
Peter E. Ormsby
United States Magistrate Judge

---

[5] A petitioner "proceeding under § 2241 . . . is not required to obtain a certificate of appealability to pursue [a direct] appeal." *Washington v. Chandler*, 533 F. App'x 460, 461 (5th Cir. 2013) (citing *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)).